# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JEFFREY GUILMETTE,** a Washington resident, by and through his Power of Attorney, Joanne Guilmette,<br><br>Plaintiff,<br><br>vs.<br><br>**SEATTLE THEATRE GROUP,** a Washington corporation and operator of The Neptune Theatre, The **NEPTUNE BUILDING LLC,** a Washington Limited Liability Company and owner of The Neptune Theatre,<br><br>Defendants. | Case No. 2:19-cv-2002-RSL<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff, Jeffrey Guilmette, by and through his power of attorney, Joanne Guilmette, and his attorney, Corey Guilmette, to state and allege as follows:

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-1

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

## I. OVERVIEW

1. The Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.
2. The theater that is the subject of this action is a place of exhibition or entertainment and is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(C), and its implementing regulation, 28 C.F.R § 36.104.
3. Over 29 years after the passage of the Americans with Disabilities Act, Defendants discriminate against individuals with disabilities because they own or operate a place of public accommodation that does not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.
4. Under the ADA, access to properties open to the public is a civil right.
5. Therefore, the Plaintiff brings this action to end the long-standing civil rights violations against persons with mobility disabilities committed by Defendants, who own and operate the Neptune Theatre.

## II. PARTIES

6. Plaintiff, Jeffrey Guilmette, is a Washington resident and he resides in this district.
7. Jeffrey Guilmette is a qualified individual with a disability who uses a wheelchair and requires accessible seating, accessible routes, and accessible restrooms in order to safely patronize The Neptune Theatre.
8. Joanne Guilmette, as Jeffrey Guilmette's Power of Attorney, is duly authorized to act as his agent, including by engaging in litigation.
9. Defendant, Seattle Theatre Group (STG), is a Washington Non-Profit Corporation.
10. The Seattle Theatre Group operates The Neptune Theatre.
11. DWT Washington LLC is the Registered Agent for The Seattle Theatre Group.

12. The address for the Seattle Theatre Group's Registered Agent is: 920 Fifth Ave., Suite 3300, Seattle, WA 98104.

13. Defendant, The Neptune Building LLC, is a Washington Limited Liability Company.

14. The Neptune Building LLC owns the Neptune Theatre located at: 1303 NE 45th Street, Seattle, Washington 98105.

15. Craig Thompson is the Registered Agent for The Neptune Building LLC.

16. The address for The Neptune Building LLC's Registered Agent is: 1305 NE 15th St. Ofc. 101, Seattle, WA 98105.

### III. JURISDICTION AND VENUE

17. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

18. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under acts of Congress.

19. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

20. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or a substantial part of the property that is the subject of the action is situated in the District.

### IV. FACTUAL ALLEGATIONS

21. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." H.R. Rep. No. 485(II), 101st Cong., 2d Sess.1990, reprinted in 1990 U.S.C.C.A.N. 303.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-3

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

22. On July 26, 1991, the Department of Justice (DOJ) issued rules implementing Title III of the ADA, which are codified as 28 C.F.R. § 36 et seq.[1]

23. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. § 36) contains the ADA standards for Accessible Design (1991 Standards), which were based on the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG), published by the Access Board on the same date.[2]

24. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 (2004 ADAAG).

25. In 2010, the DOJ issued the 2010 Standards for Accessible Design (2010 Standards). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in 28 C.F.R. § 36 Subpart D.

26. The ADA and Washington Law Against Discrimination both include fee shifting provisions that allow plaintiffs to recover their attorney fees and costs incurred in actions to enforce their civil rights. The United States Congress explained the reason for including the payment of plaintiff's attorney fees and costs in civil rights cases in the Senate Report on Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988: "If

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.
[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. 29 U.S.C. § 792. The Board consists of 13 public members appointed by the President, the majority of whom must be individuals with disabilities, and the heads of the 12 federal departments and agencies specified by statute. Originally, the Access Board was established to develop and maintain accessibility guidelines for facilities designed, constructed, altered, or leased with federal dollars under the Architectural Barriers Act of 1968. 42 U.S.C. § 4151 et seq. The passage of the ADA expanded the Access Board's responsibilities.
The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c), but vests with the Attorney General sole responsibility for the promulgation of those standards that fall within the DOJ's jurisdiction and enforcement of the regulations. The ADA also requires the DOJ to develop regulations with respect to existing facilities subject to Title III.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-4

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

private citizens are able to assert their civil rights, and if those who violate the nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in Court."

27. Jeffrey Guilmette has Parkinson's Disease and requires the use of a wheelchair for mobility. Jeffrey Guilmette also requires caregiver assistance for mobility and other self-care activities. Jeffrey Guilmette is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

28. Jeffrey Guilmette lives in Redmond, WA.

29. Jeffrey Guilmette regularly attends entertainment and social activities in Seattle, Washington and the surrounding area.

30. Jeffrey Guilmette desires to and plans to attend future shows at The Neptune Theatre once the barriers alleged herein have been remediated.

31. The Neptune Theatre is a place of public accommodation under the ADA and Washington Law Against Discrimination. 42 U.S.C. § 12181(7)(C), 28 C.F.R § 36.104, RCW 49.60.040(2).

32. In February 2011, Seattle Theatre Group began an extensive seven-month renovation of The Neptune Theatre. The renovation included upgrading the backstage area, exposing the original stage and proscenium, adding state-of-the-art lighting and sound, installing a motorized movie screen, adding a safety sprinkler system, installing railings, modifying theater seating, and altering restrooms.

33. Upon information and belief, The Neptune Building LLC approved Seattle Theatre Group's 2011 renovations to The Neptune Theatre.

34. Renovations made to theater seating, restrooms, and other areas in 2011 did not meet ADA required accessibility standards and failed to comply with the Washington Law Against Discrimination.

35. On October 15, 2019, Joanne Guilmette, Jeffrey Guilmette, and Corey Guilmette purchased three tickets for three adjoining seats, all designated as handicapped accessible, to a November 10, 2019 Bruce Cockburn concert at The Neptune Theatre.

36. On November 10, 2019, Jeffrey Guilmette, along with his wife, Joanne Guilmette, and son, Corey Guilmette, attended the Bruce Cockburn concert at The Neptune Theatre.

37. In order to access the theater from the adjoining sidewalk, the Defendants required Jeffrey Guilmette to pass through a narrow metal detector. Corey Guilmette objected to the Defendants instruction that Jeffrey Guilmette, in his metal wheelchair, must pass through the narrow metal detector. Despite Corey Guilmette's objection, the Defendants required Jeffrey Guilmette to pass through the narrow metal detector in order to enter the theater. In violation of Sections 206.2.1, 206.8, 402, and 403.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide at least one accessible route into The Neptune Theatre from the adjoining public sidewalk.

38. In violation of Section 405.2 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to any seating on the main floor, which could only be accessed by a ramp with a slope steeper than 1:12.

39. In violation of Section 405.8 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to any seating on the main floor, which could only be accessed by a ramp that did not have handrails in compliance with Section 505 of the 2010 Standards.

40. In violation of Section 505.2 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to any seating on the main floor, which could only be accessed by a ramp that did not have handrails on both sides of the ramp.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-6

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

41. Upon entering the theater, STG failed to direct Jeffrey Guilmette and his family to the seats listed on their tickets. As a result, Jeffrey Guilmette and his family traveled down an incorrect aisle, which did not adjoin their seating.

42. After they traveled down the incorrect aisle, Jeffrey Guilmette encountered an STG agent (STG Agent 1), who informed Jeffrey Guilmette and his family that their seats could only be reached by proceeding down another aisle, located halfway across the theater.

43. In order to access their seating, Jeffrey Guilmette and his family then turned around to go back up the aisle towards the lobby. However, due to the width of the aisle, Jeffrey Guilmette was unable to go back up the aisle. In order to go back up the aisle, the other individuals in the aisle had to clear the aisle so that aisle was wide enough for Jeffrey Guilmette's wheelchair.

44. Accompanied by STG Agent 1, Jeffrey Guilmette and his family eventually reached the lobby. STG Agent 1 then accompanied Jeffrey Guilmette and his family down another aisle to reach their seats. STG Agent 1 instructed Jeffrey Guilmette and his family to wait in the aisle while she attempted to locate their seats. After waiting a couple minutes, STG Agent 1 returned and accompanied Jeffrey Guilmette down another aisle to the seats listed on their tickets.

45. After reaching the designated accessible seating area, Jeffrey Guilmette and his family discovered that the listed seats were not accessible. STG Agent 1 checked Jeffrey Guilmette and his family's tickets and confirmed that the listed seats were not accessible.

46. STG Agent 1 instructed Jeffrey Guilmette and his family to, once again, wait in the aisle while she attempted to locate the theater manager. Several minutes later, STG Agent 1 returned with a manager (STG Manager).

47. STG Manager confirmed that the seat listed on Jeffrey Guilmette's ticket was not accessible. STG Manager stated that this was not the first time that this had happened to a

1. disabled patron. She stated that STG had been informed of this issue in the past and she expressed frustration that the issue had not been corrected.

48. In violation of Sections 802.1.4 and 802.1.5 of the 2010 Standards and the Washington Law Against Discrimination, the original wheelchair space provided by the Defendants to Jeffrey Guilmette overlapped an accessible route and a circulation path.[3]

49. In violation of Section 802.1.2 of the 2010 Standards and the Washington Law Against Discrimination, the original wheelchair space provided by the Defendants to Jeffrey Guilmette was of insufficient width.

50. In violation of Section 802.1.3 of the 2010 Standards and the Washington Law Against Discrimination, the original wheelchair space provided by the Defendants to Jeffrey Guilmette was of insufficient depth.

51. In violation of Section 802.2.1 of the 2010 Standards and the Washington Law Against Discrimination, the original wheelchair space provided by the Defendants to Jeffrey Guilmette did not afford the required line of sight.

52. In violation of Section 802.1.4 of the 2010 Standards and the Washington Law Against Discrimination, the original wheelchair space provided by the Defendants to Jeffrey Guilmette did not adjoin an accessible route.

53. The walking paths in front of Jeffrey Guilmette's original space and behind his original space were narrower than 36 inches. In violation of Section 403.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide walking surfaces of sufficient clear width in the area most proximate to Jeffrey Guilmette's original wheelchair space.

---

[3] Although the route was required to be an "accessible route" under the 2010 Standards, it was not accessible, as detailed in Paragraphs 53-54.

54. In violation of Section 304.3 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide a sufficiently-sized turning space in the area most proximate to Jeffrey Guilmette's original wheelchair space.

55. STG Manager and STG Agent 1 then accompanied Jeffrey Guilmette and his family up the aisle, up another aisle, and back into the theater lobby. STG Manager informed Jeffrey Guilmette and his family that she would attempt to locate accessible seating for Jeffrey Guilmette and his family.

56. Jeffrey Guilmette and his family were once again instructed to wait. STG Agent 1 waited with Jeffrey Guilmette and his family in the lobby. During this time, STG Agent 1 expressed frustration to Jeffrey Guilmette and his family about the situation, explaining that she believed the situation was unacceptable and Jeffrey Guilmette and his family should do something to make sure that this doesn't happen again.

57. After waiting for approximately 10 minutes, STG Agent 1 stated that it was unacceptable how long it was taking STG Manager to find accessible seats and left Jeffrey Guilmette and his family in order to locate STG Manager.

58. STG Agent 1 then returned with STG Manager, who informed Jeffrey Guilmette and his family that she was still attempting to locate accessible seats and told them that they needed to continue to wait. STG Manager then left.

59. Jeffrey Guilmette and his family waited approximately 10 additional minutes until STG Manager returned to the lobby. Upon returning to the lobby, STG Manager informed Jeffrey Guilmette and his family that she had found accessible seats.

60. STG Manager then accompanied Jeffrey Guilmette and his family down several aisles until they reached an empty area at the end of the theater center aisle. Upon their arrival, an STG agent (STG Agent 2) instructed Jeffrey Guilmette and his family that they would all need to sit in separate rows, despite the fact that Corey Guilmette and Joanne

1  Guilmette had purchased companion seats next to Jeffrey Guilmette. In violation of
Section 221.3 of the 2010 Standards and the Washington Law Against Discrimination,
the Defendants failed to provide Mr. Guilmette with a companion seat.

61. Corey Guilmette informed STG Agent 2 that this was unacceptable, as Jeffrey Guilmette required a caregiver directly next to him in a companion seat. Jeffrey Guilmette has advanced Parkinson's Disease and advanced dementia, and, as a result, requires assistance with all activities of daily living. STG Agent 2 told Jeffrey Guilmette and his family that he was trying his best and this was all he could do.

62. In order to ensure Jeffrey Guilmette's safety, Corey Guilmette, on his own accord, took the seat provided to him, located two rows behind Jeffrey Guilmette, and moved it to the left of Jeffrey Guilmette's seat. This area—the only area available next to Jeffrey Guilmette—was in a circulation path, which was located in a striped area, suggesting that seating was prohibited.

63. During intermission, an STG agent (STG Agent 3) approached Jeffrey Guilmette and his family. STG Agent 3 informed Jeffrey Guilmette and his family that this was not the first time they had an issue similar to the one that Jeffrey Guilmette and his family experienced.

64. Jeffrey Guilmette's wheelchair space overlapped a circulation path and accessible route.[4] The wheelchair space was located in a striped area, suggesting that seating was prohibited. In violation of Sections 802.1.4 and 802.1.5 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants provided Jeffrey Guilmette with a wheelchair space that overlapped an accessible route and a circulation path.

---

[4] Although the route was required to be an "accessible route" under the 2010 Standards, it was not accessible, as detailed in Paragraphs 68-69.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-10

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

65. In violation of Section 802.1.2 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants provided Jeffrey Guilmette with a wheelchair space of insufficient width.

66. In violation of Section 802.1.3 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants provided Jeffrey Guilmette with a wheelchair space of insufficient depth.

67. In violation of Section 802.1.4 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide Jeffrey Guilmette with a wheelchair space that adjoined an accessible route.

68. The walking paths in front of Jeffrey Guilmette's space, behind his space, and the path intersecting with those paths (specifically, the area between Corey Guilmette's seat and the seat on the other side of the path to the left of his seat) were narrower than 36 inches. In violation of Section 403.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide walking surfaces of sufficient clear width in the area most proximate to Jeffrey Guilmette's wheelchair space.

69. In violation of Section 304.3 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide a sufficiently-sized turning space in the area most proximate to Jeffrey Guilmette's wheelchair space.

70. The Defendants only provided one restroom, which was located up a series of very steep ramps, making it inaccessible for Jeffrey Guilmette.

71. In violation of Section 213 of the 2010 Standards and the Washington Law Against Discrimination, none of the provided toilet facilities or rooms complied with Section 603 of the 2010 Standards.

72. In violation of Section 403.3 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by walking surfaces with running slopes steeper than 1:20.

73. In violation of Section 405.2 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps with slopes steeper than 1:12.

74. In violation of Section 405.3 of the 2010 standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps with cross slopes steeper than 1:48.

75. In violation of Section 405.6 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps with ramp rises exceeding 30 inches.

76. In violation of Section 405.7 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps that did not have landings at the top and bottom of each ramp run.

77. In violation of Section 405.8 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps that did not have handrails in compliance with Section 505 of the 2010 Standards.

78. In violation of Section 505.2 of the 2010 Standards and the Washington Law Against Discrimination, no accessible route was provided to the restroom, which could only be accessed by a series of ramps that did not have handrails on both sides of the ramps.

79. In violation of Section 405.7 of the 2010 Standards and the Washington Law Against Discrimination, the door to the restroom was located in the middle of a ramp run.

80. In violation of Section 404.2.8 of the 2010 Standards and the Washington Law Against Discrimination, the door to the restroom closed at a speed faster than permitted.

81. In violation of Section 403.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants did not provide walking surfaces of sufficient clear width within the restroom.

82. In violation of Section 304.3.2 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide a sufficiently-sized turning space outside of the wheelchair accessible toilet compartment.

83. In violation of Section 604.8.1.2 of the 2010 Standards and the Washington Law Against Discrimination, the clearance between the door side of the wheelchair accessible toilet compartment and any obstruction, including individuals using the adjacent urinals, was less than 42 inches.

84. In violation of Section 604.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the side wall grab bar in the wheelchair accessible toilet compartment was shorter than 42 inches and did not extend at least 54 inches from the rear wall of the compartment.

85. In violation of Section 308.2.2 of the 2010 Standards and the Washington Law Against Discrimination, the soap dispenser in the bathroom was located higher than permitted.

86. Due to the Defendants' failure to provide an accessible restroom, Jeffrey Guilmette had to leave the show before its conclusion. As Jeffrey Guilmette proceeded down the aisle, the aisle intersected with an aisle to the right that proceeded towards the exit. In violation of Section 304.3 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide a sufficiently-sized turning space at this intersection.

87. Jeffrey Guilmette proceeded down the aisle to the right, which was adjoined by seat backs on the right and front-facing seats on the left. In order to allow Jeffrey Guilmette to

proceed down this aisle, the individuals in the seats on the left had to stand to minimize the obstruction of their feet in the aisle. However, despite their attempts to minimize the obstruction, the aisle was still far too narrow to accommodate Jeffrey Guilmette's wheelchair. As a result, Jeffrey Guilmette's left footrest was forced to collide with the feet of several individuals in order for the wheelchair to move forward. Due to this contact, Jeffrey Guilmette's left footrest was twisted off his wheelchair and fell to the floor. In violation of Section 403.5.1 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants failed to provide a walking surface of sufficient clear width.

88. In violation of Section 221.2.3.1 of the 2010 Standards and the Washington Law Against Discrimination, wheelchair spaces are not dispersed horizontally in the assembly area.

89. In violation of Section 221.2.3.2 of the 2010 Standards and the Washington Law Against Discrimination, wheelchair spaces are not dispersed vertically in the assembly area.

90. In violation of Section 211.2 of the 2010 Standards and the Washington Law Against Discrimination, the Defendants provide fewer than two drinking fountains.

91. In violation of the ADA and Washington Law Against Discrimination, the Defendants fail to consistently offer comparable ticketing options, such as VIP ticket packages, to disabled individuals.

92. The Neptune Theatre does not comply with the ADA's accessibility laws and regulations and the Washington Law Against Discrimination.

93. The Neptune Theatre is not welcoming to people who require the use of a wheelchair because it does not comply with the ADA's accessibility laws and regulations.

94. The Neptune Theatre's failure to comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

THE LAW OFFICE OF COREY GUILMETTE
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

95. Without injunctive relief, Jeffrey Guilmette will continue to be unable to attend future shows at The Neptune Theatre and enjoy equal access and enjoyment to such shows.

## V. FIRST CAUSE OF ACTION

### Violation of Title III of the Americans with Disabilities Act

96. Jeffrey Guilmette incorporates by reference the allegations in the paragraphs above.

97. Jeffrey Guilmette is unable to walk and requires the use of a wheelchair and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

98. The findings and purpose section of the original ADA, 42 U.S.C. § 12101(a)(5), states: "Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities."

99. 42 U.S.C. § 12101(a)(7) further provides: "The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals."

100. Title III of the ADA states, in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

101. The Neptune Theatre is a place of public accommodation. 42 U.S.C. § 12181(7)(C), 28 C.F.R § 36.104.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-15

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

102. Defendants have discriminated against Jeffrey Guilmette on the basis of his disabilities in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a).

103. Defendants' discriminatory conduct includes, but is not limited to, failing to comply with Sections 206, 211, 213, 221, 304, 308, 402, 403, 404, 405, 505, 604, and 802 of the 2010 Standards.

104. Defendants' discriminatory conduct includes, but is not limited to:

   A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities that are not equal to those afforded to non-disabled individuals;

   C. Failing to make reasonable modifications in policies, practices, and/or procedures to afford equal access to goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   D. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible and usable by individuals with disabilities, including individuals who use wheelchairs; and

   E. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

105. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue to discriminate against Jeffrey Guilmette on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of The Neptune Theatre in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and its implementing regulations.

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-16

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

106. Due to the Defendants' discriminatory conduct, Jeffrey Guilmette invokes his statutory right to declaratory and injunctive relief, as well as the recovery of attorney's fees and costs.

## VI. SECOND CAUSE OF ACTION

### Violation of the Washington Law Against Discrimination

107. Jeffrey Guilmette incorporates by reference the allegations in the paragraphs above.

108. Jeffrey Guilmette is unable to walk and requires the use of a wheelchair and is thus a qualified individual with a disability within the meaning of the Washington Law Against Discrimination. RCW 49.60.040(7).

109. Jeffrey Guilmette has a clear legal right to access The Neptune Theatre under the Washington Law Against Discrimination.

110. The Neptune Theatre is a place of public accommodation under the Washington Law Against Discrimination. RCW 49.60.040(2).

111. The Washington Law Against Discrimination makes it an unfair and unlawful practice for "any person or the person's agent or employee to commit an act" of discrimination in a place of public accommodation. RCW 49.60.215. This provision imposes direct liability on employers for the discriminatory conduct of their agents and employees.

112. The Defendants violate the Washington Law Against Discrimination because they engage in the unfair practice of discriminating against persons with disabilities. RCW 49.60.215, WAC 162-26-100.

113. Defendants discriminate against individuals with disabilities by denying them "the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…" RCW 49.60.030(1).

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-17

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334

114. Defendants' actions constitute discrimination against persons with disabilities by directly or indirectly causing such persons "…to be treated as not welcome, accepted, desired, or solicited." RCW 49.60.040(14).

115. Defendants discriminate against persons with disabilities because they "fail or refuse to make reasonable accommodation to the known physical, sensory, or mental limitations of a person with a disability…when same service would prevent the person from fully enjoying the place of public accommodation." WAC 162-26-080(1).

116. Jeffrey Guilmette has the right to expect the Defendants to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

117. The Defendants do not comply with the ADA's accessibility laws and regulations.

118. As a direct and proximate result of Defendants' discriminatory conduct and failure to remediate, Jeffrey Guilmette has suffered, and continues to suffer, difficulty, hardship, isolation, and segregation.

119. Pursuant to RCW 49.60.030(2), Jeffrey Guilmette is entitled to declaratory and injunctive relief, as well as recovery of attorney's fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Jeffrey Guilmette respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Issue a declaratory judgement that the Defendants were and/or continue to be in violation of the requirements, as described above, of Title III of the ADA, 42 U.S.C. § 12181 et seq., and its implementing regulations, and the Washington Law Against Discrimination, RCW 49.60.010 et seq;

C. Issue an injunction ordering the Defendants to employ, at their expense, an independent ADA Accessibility Consultant to investigate The Neptune Theatre and report to the Court the ADA violations found, and conduct a post-remedial work

1 investigation and report to the Court whether the Defendants made all necessary
2 improvements to make The Neptune Theater fully compliant with the ADA's
3 accessibility laws and regulations;
4 D. Issue a permanent injunction ordering the Defendants to promptly take all steps and
5 implement all improvements necessary to bring The Neptune Theatre into compliance
6 with the ADA's accessibility laws and regulations and the Washington Law Against
7 Discrimination;
8 E. Award Jeffrey Guilmette his reasonable attorney's fees and costs, as authorized by 42
9 U.S.C. § 12205, 28 C.F.R. § 36.505, and RCW 49.60.030(2);
10 F. Award Jeffrey Guilmette actual, compensatory, and/or statutory damages for the
11 violation of his civil rights, as allowed under state or federal law; and
12 G. Award such additional or alternative relief as may be just, proper, and equitable.

### VIII. JURY TRIAL DEMANDED

Jeffrey Guilmette demands a trial by jury on all issues so triable.

DATED this 30th day of December, 2019.

By: s/ Corey Guilmette

Corey Guilmette, WSBA #51165
The Law Office of Corey Guilmette
3209 15th Ave. S.
Seattle, WA 98144
Telephone: (206) 641-5334
E-mail: corey.guilmette@gmail.com
Attorney for Plaintiff

FIRST AMENDED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE RELIEF-19

**THE LAW OFFICE OF COREY GUILMETTE**
3209 15TH AVENUE SOUTH
SEATTLE, WASHINGTON 98144
TEL: 206-641-5334