1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY GUILMETTE, a Washington
resident, by and through his Power of
Attorney, Joanne Guilmette,

Plaintiff,

v.

SEATTLE THEATRE GROUP, a
Washington corporation and operator of The
Neptune Theatre, The NEPTUNE
BUILDING LLC, a Washington Limited
Liability Company and owner of The Neptune
Theatre,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:19-cv-02002-RSL

**JOINT STATUS
REPORT/DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Amended

Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 11), the

parties submit this Joint Status Report and Discovery Plan.  The parties' attorneys held a

telephonic Rule 26(f) conference on January 28, 2020.  During that conference, the parties agreed

to the terms contained in this Joint Status Report and Discovery Plan.

1.      **Nature and Complexity of the Case.**  Plaintiff, Jeffrey Guilmette, alleges that

Defendants, Seattle Theatre Group (STG) and The Neptune Building LLC, have violated Title

III of the Americans with Disabilities Act and The Washington Law Against Discrimination after

the Plaintiff faced numerous accessibility barriers while attending a concert at The Neptune

JOINT STATUS REPORT/DISCOVERY PLAN - 1
Case No. 2:19-CV-02002-RSL

127192.0006/7936085.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

Theatre. Plaintiff is seeking declaratory and injunctive relief, as well as an award of damages and attorney's fees and costs.  Defendants deny Plaintiff's claims and assert multiple affirmative defenses.  The parties view this case as moderately complex.

2.    **Joinder of Additional Parties.**  The parties propose May 11, 2020 as the deadline for joining additional parties.

3.    **Should This Matter Be Assigned to a Magistrate Judge?** No.

4.    **Related Cases.**  Plaintiff's position is that there are no cases related to this lawsuit. However, this case is thematically related to *Brown, et al. v. Seattle Theatre Group, et al*, 2:17-cv-00939-JCC (hereafter "2017 matter") and *Brown v. The Moore Hotel, Inc. & Seattle Theatre Group*, 2:19-cv-01459-MAT (hereafter "2019 matter"). The 2017 matter was brought alleging violations of the Americans with Disability Act (ADA) and Washington Law Against Discrimination (WLAD) at all three properties operated by The Seattle Theatre Group—The Paramount Theatre, The Moore Theatre, and The Neptune Theatre. The parties to the 2017 matter agreed to a resolution, with the Court entering judgments requiring STG to make numerous modifications to The Paramount Theatre and The Moore Theatre. Plaintiff's position is that the modifications required by the Court included alterations similar to those requested in this matter, including changes to the seating plan in both theatres, creating a sufficient turning radius in the Paramount Theatre bathroom, modifications to handrails in The Moore Theatre, and installation of an ADA compliant drinking fountain in The Moore Theatre. On September 11, 2019, Rhonda Brown brought suit, commencing the 2019 matter, to enforce the judgments entered in the 2017 matter. Ms. Brown alleged that STG had failed to complete some of the modifications in the time-period required by the judgments entered in the 2017 matter. The 2019 matter remains open, with the most recently filed document being the Defendants' Answer, which was filed on October 8, 2019.

Defendants' position is that the 2017 matter and 2019 matter are unrelated to this case. The resolution reached by the parties and corresponding judgments entered in the 2017 matter did not pertain to any issues at The Neptune Theatre.  The 2019 matter also only relates to

JOINT STATUS REPORT/DISCOVERY PLAN - 2
Case No. 2:19-CV-02002-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

127192.0006/7936085.1

modifications at other venues.  Defendants' position is that the issues presented at The Neptune are distinct from those presented at any other venues managed by Defendant STG.

5.        **Initial Disclosures.**  The parties exchanged their initial disclosures on February 4, 2020.

6.        **Changes in Expert and Pretrial Disclosures.** The parties do not see any need to change the timing or form of expert and pretrial disclosures under Fed. R. Civ. P. 26(a)(2)-(4), except that the parties agree that expert witnesses, if any, should provide reports in accordance with the timing set forth in the Court's scheduling order but in no event later than 120 days prior to trial.

7.        **Subjects, Timing and Potential Phasing of Discovery, and Discovery Management Including Items Listed in LCR 26(f)(1)(D).** The parties are currently engaged in meaningful settlement discussions and will try to resolve this case without formal discovery. Assuming the parties continue to co-operate in addressing relevant settlement issues and are progressing toward a resolution, the parties do not expect to initiate formal discovery efforts until at least 60 days after the joint status conference.

If an early resolution is not reached, Plaintiff anticipates discovery related to the Defendants' internal policies and procedures, the Defendants' operations during the relevant time period, the design of and any renovations to The Neptune Theatre, the claims set forth in the Complaint, and the Defendants' asserted defenses.

Defendants anticipate conducting discovery regarding the facts underlying Plaintiff's claims, Defendants' affirmative defenses, Plaintiff's alleged damages and proposed injunctive relief, and of any expert opinions offered by Plaintiff.  The parties do not expect that discovery will need to be conducted in phases.  The parties propose 90 days before trial for the close of all discovery and that expert witnesses, if any, provide reports in accordance with the timing set forth in the Court's scheduling order but in no event later than 120 days prior to trial.

JOINT STATUS REPORT/DISCOVERY PLAN - 3
Case No. 2:19-CV-02002-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

127192.0006/7936085.1

**LCR 26(f)(1)(D) items:**

(i) **Forgoing or Limiting Depositions or Exchanging Documents Informally.** The parties do not agree to forgo or limit depositions except insofar as they are limited by the Federal Rules of Civil Procedure and/or Local Rules for the Western District of Washington. The parties have already exchanged some documents informally in their attempts to resolve this case.  The parties will continue to do so to the extent it aids in facilitating settlement.

(ii) **Discovery From Third Parties and the Cost of Obtaining That Discovery.** The parties do not expect a significant amount of discovery from third parties. The parties do not agree to informally share discovery from third parties, nor do they agree at this time to a cost splitting arrangement.

(iii) **Discovery or Case Management Conferences With the Assigned Judge.** The parties do not currently see a need to schedule discovery or case management conferences with the Court, but they will contact the Court should such conferences become necessary in the future.

(iv) **Presenting Discovery Disputes to the Court Informally.**  The parties will work to resolve discovery disputes without court intervention.  To the extent they are unable to do so, the parties are amenable to presenting discovery disputes to the court initially through informal means.

(v) **Magistrate Judge for Settlement Conferences.** The parties do not currently believe that they will require the assistance of a magistrate judge for settlement conferences, but they will contact the Court should such a need arise in the future.

(vi) **Abbreviated Pretrial Order.** The parties do not currently see any need to use an abbreviated pretrial order.

(vii) **Orders Under LCR 16(b) and (c).** The parties do not currently see a need for orders under LCR 16(b) or (c).

8. **Preservation of Discoverable Information.** The parties will comply with the rules of discovery with regard to preservation of discoverable information.

JOINT STATUS REPORT/DISCOVERY PLAN - 4
Case No. 2:19-CV-02002-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

127192.0006/7936085.1

9.      **Electronically Stored Information.** The parties agree that the case will not involve extensive discovery of ESI and therefore do not believe that entry of the Western District's Model Agreement Regarding Discovery of Electronically Stored Information is necessary or appropriate.  The parties will work cooperatively to minimize the expense of producing ESI, and if extensive ESI becomes relevant, the parties will consider submitting for the Court's approval the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

10.      **Whether the Case Will Involve Unique or Extensive Claims of Privilege.** The parties do not anticipate significant issues relating to privilege. The parties agree to provide privilege logs when information protected by the work product doctrine, attorney-client privilege, or other applicable privilege has been redacted or withheld.

11.      **Inadvertent Disclosures.** The parties have agreed to allow for "claw back" of privileged material that is inadvertently disclosed pursuant to Fed. R. Evid. 502.  Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party identifying the document or ESI in question, the asserted privilege or protection, and the ground(s) for the application of the asserted privilege or protection.  A party who discovers that it has received what appears to be produced protected documents shall promptly return the documents to the producing party within two (2) days of discovering that it has received the protected documents.

12.      **Discovery Limitations.** The parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington regarding limitations on discovery. The parties further reserve their rights to seek changes to such limitations in the future.

13.      **Discovery Completion.** The parties propose that discovery be completed 90 days prior to the trial date set by the Court.

14.      **Suggestions for Prompt and Efficient Case Resolution, Such as Phasing of Motions or Bifurcation of Liability and Damage Issues.** The parties will endeavor to resolve

JOINT STATUS REPORT/DISCOVERY PLAN - 5
Case No. 2:19-CV-02002-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

127192.0006/7936085.1

the case as promptly as practicable in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington. The parties do not currently see a need for phasing motions or bifurcation of liability and damage issues.

15. **ADR and/or Individualized Trial Program.** The parties do not intend to utilize the Individualized Trial Program and intend to confer when either party believes mediation is appropriate.

16. **Month That the Case Will Be Ready for Trial.** The parties expect to be ready to try the case starting January 25, 2021, and propose this as the start date. The parties are currently unaware of any calendaring conflicts for this proposed trial date. The parties will promptly inform the Court if any unavoidable conflicts arise during January or February 2021.

17. **Jury.** Plaintiff has made a jury demand. Defendants believe this case should be tried as a bench trial.

18. **Number of Trial Days Required.** The parties anticipate that a trial in this case will take approximately 5 court days.

19. **Corporate Disclosure Statement:** Defendants filed their corporate disclosure statements on January 31, 2020.

DATED:  February 10, 2020

LANE POWELL PC

By  *s/ Michael T. Kitson*
D. Michael Reilly, WSBA No. 14674
reillym@lanepowell.com
Michael T. Kitson, WSBA No. 41681
kitsonm@lanepowell.com
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants Seattle Theatre Group and The Neptune Building LLC

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

THE LAW OFFICE OF COREY GUILMETTE


By *s/ Corey Guilmette (with auth. given to e-sign)*
Corey Guilmette, WSBA No. 51165
corey.guilmette@gmail.com
Telephone:  206.641.5334

Attorney for Plaintiff Jeffrey Guilmette

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1

2

## **CERTIFICATE OF SERVICE**

3

        The undersigned certifies under penalty of perjury under the laws of the State of

4

Washington and the United States of America that on the 10th day of February, 2020, the

5

document attached hereto was presented to the Clerk of the Court for filing and uploading to the

6

CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the

7

Clerk of the Court will send e-mail notification of such filing to the following persons:

8

Corey Guilmette

9

The Law Office of Corey Guilmette
3209 15th Ave. S.

10

Seattle, WA 98144
Tel:  206-641-5334

11

Email:  corey.guilmette@gmail.com

12

        Executed on the 10th day of February, 2020, at Seattle, Washington.

13

14

                                        *s/ Kathi Milner*
                                        Kathi Milner, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATUS REPORT/DISCOVERY PLAN - 8
Case No. 2:19-cv-02002-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

127192.0006/7936085.1